BART M. BOTTA, State Bar No. 167051
R. JASON READ, State Bar No. 117561
RYNN & JANOWSKY, LLP
4100 Newport Place Drive, Suite 700
Newport Beach, CA 92660-2423
Telephone: (949) 752-2911

**E-Filed 4/11/2007**

Attorneys for Plaintiffs
PACIFIC INTERNATIONAL VEGETABLE MARKETING, INC.
dba PACIFIC INTERNATIONAL MARKETING

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| PACIFIC INTERNATIONAL VEGETABLE MARKETING, INC., a corporation, dba PACIFIC INTERNATIONAL MARKETING,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY DONLON, individually and dba FRESH WEST EXCHANGE,<br><br>Defendant. | CASE NO. 07-01997 JF (HRL)<br><br>[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION AND PROPOSED PRELIMINARY INJUNCTION |

Upon review of the Complaint of Plaintiff PACIFIC INTERNATIONAL VEGETABLE MARKETING, INC. dba PACIFIC INTERNATIONAL MARKETING ("Plaintiff" or "Pacific"), on file in the above-captioned action, and the declarations, exhibits and Memorandum of Points and Authorities in support of Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction submitted therewith, and all

documents provided by Defendant TIMOTHY DONLON, individually and dba FRESH WEST EXCHANGE, in opposition thereto, if any, and it appearing to the satisfaction of the Court that this is a proper case for granting a Temporary Restraining Order and Order to Show Cause,

IT IS HEREBY ORDERED that Defendant appear in Courtroom __3__ of the U.S. District Court for the Northern District of California, San Jose Division, 2112 Robert F. Peckham Federal Building, 280 South First Street, San Jose, California 95113, on April 20, 2007, at 9.00 a..m., or as soon thereafter as the matter may be heard, then and there to show cause, if any they have, why they, their agents, bankers, subsidiaries, successors, assignees, principals, employees, attorneys, and representatives should not be restrained and preliminarily enjoined during the pendency of this action, pursuant to Rule 65 of the Federal Rules of Civil Procedure, from engaging in, committing, or performing directly and indirectly, any and all of the following acts:

A. Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable agricultural commodities, and/or receipts of payment for products sold prior to the date of this order and/or otherwise disposing of assets, books or funds;

B. Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiff's beneficiary interests in trust assets of the Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e *et seq.*];

C. Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of PACA].

IT IS FURTHER ORDERED that Defendant, their officers, directors, bankers, agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons acting in concert with them, appear at the same time and place to show cause, if any they have, why they should not be commanded by order of this Court and required to distribute PACA Trust assets in the amount of at least $36,139.52, which includes the

C 07-1997 JF (HRL)
07-146/Proposed TRO                             2

1  principal of $30,952.05, plus $1,934.97 in finance charges through April 10, 2007, plus
2  $3,902.50 as reasonable attorneys' fee as well as costs of $350.00, the cumulative amount
3  of the PACA Trust claims of Plaintiff.

4      IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, Defendant, their agents, bankers, subsidiaries, successors, assignees, principals, attorneys, and persons acting in concert with them shall be and hereby are prevented from transferring, withdrawing or in any other manner removing Perishable Agricultural Commodities Act [7 U.S.C. §499e *et seq.*] trust assets, including funds on deposit in banking accounts held by or on behalf of Defendant, from Defendant's banking accounts, including but not limited to Defendant's accounts at Rabobank, N.A., account number 069062168 at Rabobank, N.A., or any other banking account subsequently determined to be standing in Defendant's names, or any one of them.

    IT IS FURTHER ORDERED that pending the hearing and determination of the foregoing Order to Show Cause, ~~and continuing thereafter,~~ Defendant and their counsel, agents, or representatives, shall be preliminarily enjoined from engaging in, committing, or performing directly and indirectly, any and all of the following acts:

    D.    Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable agricultural commodities, and/or receipts of payment for products or crops sold prior to the date of this order and/or otherwise disposing of assets, books or funds;

    E.    Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiff's beneficiary interests in the trust assets;

    F.    Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of Perishable Agricultural Commodities Act ("PACA")].

~~IT IS FURTHER ORDERED~~ that in the event Defendant lacks sufficient funds to promptly deposit the sums described above, Defendant shall be and hereby are required and ordered to:

    G.    Immediately account to the Court and Plaintiff for all assets of the PACA trust from commencement of Defendant's business through the date of this Order.

    H.    Immediately assign Defendant's produce related receivables to Plaintiff for collection until Plaintiff is fully paid, and deposit and/or deliver complete accounts, records, and information of all of said receivables to Plaintiff's counsel without charge to the trust, and subject to Plaintiff's counsel making a weekly accounting for all receivables received or collected by Plaintiff's counsel in that regard. Plaintiff's counsel shall act as trustee in connection with its duties of collection of the accounts receivable and shall deposit any cash assets of the trust which are collected under this order in a trust account.

    I.    Endorse any checks made, endorsed or paid, to Defendant which are trust assets and which are in their possession or obtainable by Defendant at the time of the entry of this Order, or which Defendant obtains or which become obtainable by Defendant after the entry of this Order, including but not limited to checks representing payment for sales of growing crops, and shall deliver said assets within 48 hours of Defendant's receipt of them to Plaintiff's counsel as set forth above. Likewise, Defendant shall deliver any cash assets of the PACA trust which are in its possession or are obtainable by Defendant at the time of the entry of this order, or which Defendant obtains or which become obtainable by Defendant after entry of this Order, within 48 hours of Defendant's receipt of them to Plaintiff's counsel.

    J.    File weekly with this Court satisfactory evidence of compliance with the terms of this Order.

~~IT IS FURTHER ORDERED~~ that pending the hearing and determination of the foregoing Order to Show Cause, and continuing thereafter, Plaintiff and their counsel, agents, or representatives, shall have full and complete and continuing access to all of Defendant's books and records, which shall include but not necessarily be limited to,

1  ~~Defendant's accounts receivable and payable ledgers, invoices, ledgers, computer runs,~~
2  ~~bank statements and canceled checks, relating to Defendant's business and personal~~
3  ~~financial status from commencement of Defendant's business activities forward for the~~
4  ~~purpose of verifying Defendant's accountings required by this Order and for enforcement~~
5  ~~of this Order. Defendant shall, upon two (2) business days notice by Plaintiff's counsel,~~
6  ~~allow inspection and copying of the books and records of said Defendant by Plaintiff or~~
7  ~~their representatives at Defendant's place of business.~~

8  ~~IT IS FURTHER ORDERED that pending the hearing and determination of the~~
9  ~~foregoing Order to Show Cause, and continuing thereafter, Plaintiff shall be entitled to~~
10 ~~depose, under oath, at reasonable times and places, upon at least two (2) business days~~
11 ~~notice, Defendant and/or Defendant's other principals, owners, directors, officers,~~
12 ~~shareholders, employees, agents and accountants concerning any matter pertaining to any~~
13 ~~accounting due pursuant to this Order, any books or records which Plaintiff is entitled to~~
14 ~~inspect under this Order, the trust assets or any of Defendant's business assets, and/or~~
15 ~~Defendant's business practices, procedures or operations from commencement of~~
16 ~~Defendant's business activities.~~

17  IT IS FURTHER ORDERED that Plaintiff is to serve copies of this Order and all
18  pleadings and other papers in support of the Order on or before  April 12  , 2007.
19  Defendant shall file an Opposition, if any, to the Order to Show Cause on or before
20  ~~____ p.m. on~~  April 18  , 2007 and shall personally serve Plaintiff's counsel
21  with a copy of said opposition by the same deadline. ~~Plaintiff shall file and serve on~~
22  ~~Defendant a Reply to Defendant's Opposition on or before ____ .m. on~~
23  ~~_____, 2007.~~

24  IT IS FURTHER ORDERED that no bond shall be required to be posted by
25  Plaintiff before the Temporary Restraining Order is effective.

27  DATED:  April 11, 2007  _____
                                        Jeremy Fogel, U.S. DISTRICT COURT JUDGE

C 07-1997 JF (HRL)

~~07-146/Proposed~~ TRO                                5